UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Respondent,<br><br>  -vs-<br><br>ROBERT V. ZORNES,<br><br>                 Movant. | NO.    CR-04-0270-WFN-1<br>          CV-07-0074-WFN<br><br>ORDER |

Pending before the Court is Mr. Zornes' *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Ct. Rec. 43). Assistant United States Attorney Earl Hicks represents the Government.

## I. BACKGROUND

On February 5, 1993, Mr. Zornes pled guilty to Count 2 of the Indictment in Case No. CR-92-0260-WFN-1 pursuant to a plea agreement. The Court sentenced Mr. Zornes to 41 months imprisonment and 4 years supervised release on June 23, 1993. Mr. Zornes filed an appeal which the Ninth Circuit dismissed on March 23, 1994. On July 12, 1993, Judge Justin Quackenbush issued a warrant for Mr. Zornes' failure to report for service of sentence. Once apprehended, the Government indicted Mr. Zornes for Failure to Appear for Service of Sentence on December 21, 2004, in Case No. CR-04-0270-WFN-1. The Court resentenced Mr. Zornes in CR-92-260-WFN on December 22, 2004 and filed the Amended Judgment January 3, 2005. Mr. Zornes pled guilty to the Indictment in CR-04-0270-WFN-1 on February 4, 2005. On May 13, 2005, the Court sentenced Mr. Zornes to 8 months

ORDER - 1

1  imprisonment in CR-04-0270-WFN-1 to run consecutive to the underlying conviction in
2  CR-92-0260-WFN-1 and three years supervised release to run concurrently with the
3  supervised release imposed in CR-92-0260-WFN-1. Mr. Zornes was released on February 3,
4  2006. Shortly thereafter, the Court issued a warrant for Mr. Zornes's arrest in response to
5  allegations of violations of supervised release. During the supervised release violation
6  hearing on December 6, 2006, Mr. Zornes admitted to the violations of failure to submit a
7  monthly written report, failure to notify his probation officer at least ten days prior to change
8  in residence, and leaving the judicial district without permission. The Court revoked Mr.
9  Zornes, sentencing him to a term of imprisonment of 10 months and 26 months of supervised
10 release in both CR-04-0270-WFN-1 and CR-92-0260-WFN-1 to run concurrently. On
11 February 13, 2007, the Court filed an Amended Judgment in CR-92-0260-WFN-1 to correct
12 a clerical error. The January 3, 2005 Amended Judgment listed the incorrect special
13 assessment fee. The Court lowered the special assessment fee to reflect the correct amount,
14 as listed in the original Judgment.

Mr. Zornes alleges three grounds for relief:

1. His counsel in CR-92-0270-WFN-1 was ineffective for failing to request a postponement prior of his plea of guilty to the violation of 21 U.S.C. § 841 during the December 22, 2004 hearing because he could not clearly remember the underlying facts and was forced to plead guilty and be sentenced in the same hearing;

2. The plea was not knowing and voluntary because he pled and was sentenced in the same hearing in Case Nos. CR-04-270-WFN-1 and CR-92-260-WFN; and

3. Supervised release after revocation in Case No. CR-92-0260-WFN-1 was illegally imposed.

## II. DISCUSSION

The Court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

ORDER - 2

U.S.C. § 2255. "To earn the right to a hearing, therefore, [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS (West 2006).

To gain relief, Mr. Zornes must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Mr. Zornes failed to show his request for relief was timely for the first two grounds. A one year statute of limitation applies to § 2255 claims. The limitation period runs beginning on the date which the judgment of conviction becomes final. 28 U.S.C. § 2255. A conviction becomes final after imposition of sentence. *Id.* Where an appeal has been filed, the limitation's period does not begin to run until after the final amended judgment has been filed. *United States v. LaFramboise,* 427 F.3d 680, 683 (9th Cir. 2005). However, where an amended judgment merely corrects a clerical error, the limitation's period begins to run from the time that the original judgment was entered. *Clay v. United States,* 537 U.S. 522, 527-28 (2003). Mr. Zornes filed the § 2255 Motion on March 8, 2007. In Case No. CR-04-0270-WFN-1, the limitation period ran out May 13, 2006, one year after judgment was imposed on May 13, 2005. In Case No. CR-92-0260-WFN-1, the limitation period ran out January 3, 2006, one year after the filing date of the Amended Judgment. Though the Court issued an Amended Judgment on February 13, 2007, this Amended Judgment does not affect the statute of limitation for the purposes of the § 2255 Motion, because the amendment was purely clerical.

ORDER - 3

Even if the statute of limitation began to run when the Amended Judgment was filed in CR-92-0260-WFN-1, Mr. Zornes's first two grounds do not state a claim. Mr. Zornes did not, as he claims, plead guilty and proceed to sentencing in the same hearing in Case No. CR-92-0260-WFN-1. Mr. Zornes pled guilty on February 5, 1993, was sentenced June 23, 1993, then was resentenced on December 22, 2005. Though he may well have forgotten the underlying facts while on the lam, he pled guilty 12 years prior when his memory was fresh. Further, counsel had no responsibility to request time to examine discovery for the hearings held in 2004, because Mr. Zornes had already pled guilty to the offense.

The third ground, because it challenges his revocation, not the underlying sentence and conviction, is timely; however, it also lacks merit. Contrary to his assertions, both the 1993 version of the United States Sentencing Guidelines and 18 U.S.C. § 3853(e)(3) (West 1993) permitted imposing an additional term of supervised release after imprisonment for revocation. Thus, the Court's imposition of an additional term of supervised release did not run afoul with the *ex post facto* clause of the Constitution.

For all the foregoing reasons, an evidentiary hearing is not required in this matter. Mr. Zornes's § 2255 Motion must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurist of reason would find it debatable wither the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

ORDER - 4

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: (1) that Mr. Zornes has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Zornes's Motion Under § 2255, filed March 8, 2007, **Ct. Rec. 43**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to pro se Movant and counsel of record;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-07-0074-WFN**.

**DATED** this 18th day of April, 2007.

                                    s/ Wm. Fremming Nielsen
                                WM. FREMMING NIELSEN
04-18                 SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5